UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SEMYON GRINBLAT,

                            Plaintiff,

       -against-

H & 6 ASSOCIATE INC., THE HUGH FAMILY
REVOCABLE TRUST, JOHN DOE 1-X, persons yet
unknown, LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, CORPORATIONS 1-X, entities yet
unknown,

                           Defendants.

------------------------------------------------------------------- x

REPORT &
RECOMMENDATION
19-CV-02034 (LDH) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

On April 9, 2019, plaintiff Semyon Grinblat commenced this action against defendants H & 6 Associate, Inc. ("H & 6 Associate") and the Hugh Family Revocable Trust ("the Trust"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 40-c and 40-d; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. Complaint ("Compl.") ¶ 2, Dkt. 1. Plaintiff seeks declaratory and injunctive relief and an award of statutory damages, compensatory damages, and punitive damages, as well as attorney's fees and costs.

Upon plaintiff's application and in light of H & 6 Associate's failure to appear in or otherwise defend this action, the Clerk of the Court noted H & 6 Associate's default. Certificate

of Default dated June 25, 2019, Dkt. 9.[1] Plaintiff then moved for default judgment against H & 6 Associate. Mot. for Default J., Dkt. 10. The Honorable LaShann DeArcy Hall referred plaintiff's motion to me for a report and recommendation on whether liability should be imposed and, if so, what relief, if any, should be awarded. Order dated July 8, 2019.

## BACKGROUND

Plaintiff "suffers from debilitating diseases and was diagnosed with a neurological condition." Compl. ¶ 48. He has (1) "gait dysfunction, the causes of which include peripheral neuropathy due to diabetes mellitus, chronic right basilar ganglia lacunar infarct, and cerebellar ataxia"; (2) "essential tremor"; and (3) "decreased vision due to glaucoma and [blindness] in [his] right eye." *Id.* As a result of these conditions, plaintiff's "gait is unsteady" and he uses a wheelchair "regularly." *Id.* His "adult son visits [him], manages his care[,] and takes him to places [he] wants to visit, including stores, restaurants, parks, doctors[,] and medical facilities in New Jersey, where he currently resides, and New York, where he previously resided for decades and where his son and friends still reside." *Id.* ¶ 49.

In December 2018, plaintiff and his son entered a discount store located at 170-22 Jamaica Avenue, Jamaica, N.Y. 11432 and owned and/or leased and/or operated by H & 6 Associate. *Id.* ¶¶ 9–10, 50. Plaintiff alleges that he was not able to access any of the aisles in his wheelchair because the aisles were too narrow and there was merchandise on the floor blocking his passage. *Id.* ¶¶ 54–58. He further alleges that the merchandise on the top shelves in the front aisles and the merchandise on the floor in the rear aisles were out of his reach. *Id.* ¶¶ 59–60. Although plaintiff was able to purchase one item, he alleges that he was unable to buy every item

---

[1] On June 25, 2019, the Clerk of the Court denied plaintiff's request for a certificate of default against the Trust upon the ground that the Trust was not properly served. On September 3, 2019, plaintiff filed a notice of voluntary dismissal as to the Trust. Notice of Voluntary Dismissal, Dkt. 14.

that he had intended to buy, browse through the store, or select the most appropriate items, *id.* ¶ 61, and thus left the store "[f]rustrated, disappointed[,] and humiliated," *id.* ¶ 62.

## DISCUSSION

Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

A party's default, though, "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

**I.     ADA**

    **A. Liability**

Plaintiff has established the elements of liability required to state a claim under Title III

3

of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the purportedly disabled] individual." 42 U.S.C. § 12102(1)(A). Here, plaintiff adequately alleges that, as a result of his various conditions, his "gait is unsteady" and he "regularly" uses and "relies" upon his wheelchair, which was prescribed for him by his neurologist. Compl. ¶ 48. Thus, plaintiff is a disabled individual for the purposes of the ADA, as he is substantially limited in the major life activity of walking. *See* 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, . . . walking"); 29 C.F.R. 1630.2(i)(1)(i) (same).

Next, the ADA defines a public accommodation to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(E). Here, plaintiff alleges that the subject discount store is "a sales establishment" owned and/or leased and/or operated by H & 6 Associate. Compl. ¶¶ 9–10, 16. Accordingly, the store falls within the scope of the ADA, and H & 6 Associate is subject to the ADA's prohibition of "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a).

4

With respect to the last element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "A plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." *Harty v. Spring Valley Marketplace LLC*, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted); *see also Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013).

Here, plaintiff alleges that he had difficulties shopping in the store due to multiple architectural barriers to accessibility. Compl. ¶ 66. More specifically, plaintiff's complaint provides that, in violation of the 2004 ADAAG,[2] the clear width of the walking surfaces in each aisle and at the turns in each aisle do not meet the minimum thresholds, 2004 ADAAG §§ 403.5.1, 403.5.2, there are no passing spaces in the store, *id.* § 403.5.3, the high side reach exceeds the 48-inch maximum in some aisles and the low side reach is less than the 15-inch minimum in some aisles, *id.* § 308.3.1, and the carpet is damaged, loose, uneven, and has exposed elevated edges, *id.* § 302.2; *see* Compl. ¶¶ 73–82. Plaintiff further alleges, and I take as true, that H & 6 Associate has failed to remedy these violations and remove the architectural barriers to wheelchair access even though it could readily do so without undue hardship. Compl. ¶ 84, 88. The allegations in the complaint thus establish H & 6 Associate's ADA liability.

---

[2] "The Department of Justice published its revised regulations for Titles II and III of the [ADA] in the *Federal Register* on September 15, 2010, which include the 2010 Standards for Accessible Design." *Guidance on the 2010 ADA Standards for Accessible Design*, Department of Justice, https://www.ada.gov/regs2010/2010ADAStandards/Guidance_2010ADAStandards.pdf (last visited Jan. 27, 2020). The 2010 Standards consist of the Title III regulations at 28 C.F.R. part 36 and the 2004 ADA Accessibility Guidelines ("2004 ADAAG") at 36 C.F.R. part 1191, appendices B and D.

5

### B. Relief

#### i. Injunctive Relief

Plaintiff is entitled to injunctive relief compelling H & 6 Associate to remedy the architectural barriers to access that exist at the store.

#### 1. Plaintiff has standing

Standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Thus, even though [H & 6 Associate] has not appeared in this action and has not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *2; *see also Ross v. Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), *report & recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018). Standing has been established in ADA suits seeking injunctive relief for lack of access to a public accommodation where:

> "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location."

*Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). Courts have found that "disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Shariff v. Radamar Meat Corp.*, 2014 WL 1311563, at *2 (E.D.N.Y. Feb. 14, 2014) (internal quotation marks and citation omitted), *report & recommendation adopted as modified*, 2014 WL 1311565 (E.D.N.Y. Mar. 31, 2014).

Here, as noted above, plaintiff alleges that he had "difficulties moving about in his wheelchair and shopping" in the store due to multiple architectural barriers. Compl. ¶ 66. Moreover, given the number and nature of the barriers, it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain. Finally, although plaintiff resides in New Jersey, he alleges that the store in located near his son's home and that he frequently visits the neighborhood and intends to return to the store as soon as it is made accessible to him. *Id.* ¶¶ 64–65. These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA.

### 2. Injunctive relief is appropriate

As discussed above, plaintiff's allegations, which are assumed to be true in light of H & 6 Associate's default, establish H & 6 Associate's liability pursuant to section 12182(b)(2)(A)(iv). The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

Having considered plaintiff's proposed order, *see* Pl.'s Mot. & Mem. in Supp. of Default J., Dkt. 10, at ECF pgs. 24–25, the nature of the violations claimed by plaintiff, the nature of the relief required to afford redress, and the common practice in this district for awarding injunctive relief in ADA cases,[3] I recommend the issuance of an injunction requiring H & 6 Associate to prepare architectural plans remedying the violations of the ADAAG identified above and to provide plaintiff's counsel with those plans for review within 60 days of any order adopting this

---

[3] *See, e.g.*, *Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016), at *4; *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *5; *Shariff v. Alsaydi*, No., 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

Report and Recommendation.  I further recommend that the injunction provide plaintiff with 30 days to file a motion seeking relief on the basis that H & 6 Associate's proposed architectural plans are inadequate to remedy the ADAAG violations specified in this Report.  Finally, I recommend that the injunction require H & 6 Associate to implement the architectural plans and remedy the violations within 60 days of either plaintiff's agreement or a ruling by the Court that the plans are adequate.

       **ii.  Attorney's Fees and Costs**

  A plaintiff prevailing in ADA litigation is entitled to recover reasonable attorney's fees and costs.  42 U.S.C. § 12205.  However, plaintiff's counsel has provided no documentation of his fees or costs.  I therefore respectfully recommend that plaintiff's request for an award of attorney's fees and costs be denied without prejudice, and that plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within 14 days of the date of this Report and Recommendation.

**II.** **New York Civil Rights Law, NYSHRL, & NYCHRL**

  **A.  Liability**

  Plaintiff's complaint properly alleges facts giving rise to liability under the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 40-c and 40-d, the NYSHRL, N.Y. Exec. Law § 296, and the NYCHRL, N.Y.C. Admin. Code § 8-107.  Plaintiff's state and municipal law claims are based upon the same architectural barriers that underlie his ADA claim.  "The elements that establish liability under the ADA are sufficient to state a claim under the New York Civil Rights Law." *Ross*, 2018 WL 6313208, at *4 (internal quotation marks and citation omitted); *see Radamar Meat Corp.*, 2014 WL 1311563, at *5.  Moreover, "[a] claim of disability discrimination under the [NYSHRL] is governed by the same legal standards as . . . ADA

8

claims." *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006). Although different standards govern NYCHRL claims, a "one-way ratchet" exists, where the ADA constitutes a "*floor* below which the [NYCHRL] cannot fall." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (internal quotation marks and citation omitted). Because plaintiff has met the standard for establishing liability under the ADA, I find that H & 6 Associate is liable as well for violating the New York Civil Rights Law, the NYSHRL, and the NYCHRL.

### B. Relief

#### i. Statutory Damages under New York Civil Rights Law

Plaintiff seeks $500 in statutory damages under the New York Civil Rights Law. Section 40-d provides that defendants who violate the provisions of New York Civil Rights Law § 40-c "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. Civ. Rights Law § 40-d; *see Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429, at *13 (E.D.N.Y. Feb. 6, 2013), *report & recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013). Here, the Court has competent jurisdiction over the store, which is located in Jamaica, Queens County. Compl. ¶ 9. Additionally, as discussed above, plaintiff's allegations are sufficient to establish a violation of Section 40-c. Finally, plaintiff has provided notice to the Attorney General of his lawsuit, as required by § 40-d. *See* Letter to N.Y. Civil Rights Bureau, Mot. for Default J., Exh. 4, Dkt. 10 at ECF pgs. 68–69; *see also* Compl. ¶ 121. Therefore, I respectfully recommend that plaintiff be awarded $500 in statutory damages under New York Civil Rights Law.

### ii. Compensatory Damages Under the NYSHRL and the NYCHRL

Plaintiff requests an award of $1,000 in compensatory damages under the NYSHRL and the NYCHRL. Plaintiff alleges that as a result of the disability discrimination he endured by virtue of the architectural barriers in the store, he "has suffered, and continues to suffer, personal injuries, such as mental anguish and emotional distress, including, but not limited to, depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, together with emotional pain and suffering." Compl. ¶¶ 115, 131. The "New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Shalto*, 2013 WL 867429, at *10 (quoting *Kreisler*, 2012 WL 3961304, at *14). Moreover, courts in this Circuit have found an award of $1,000 to be appropriate in similar cases. *See, e.g., Thompson v. Rising Star Beauty Salon Inc.*, 2016 WL 9583995, at *3 (E.D.N.Y. Dec. 23, 2016) (awarding $1,000 where plaintiff did not establish any particular damages other than "embarrassment and discomfort"); *Radamar Meat Corp.*, 2014 WL 1311563, at * 4–*5 (awarding $1,000 where plaintiff suffered mental anguish and emotional distress after architectural barriers prevented his entry to defendant's supermarket); *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *6 (awarding $1,000 where plaintiff did not establish any particular damages other than that he felt discriminated against). I therefore respectfully recommend that plaintiff be awarded $1,000 in compensatory damages.

### iii. Punitive Damages Under NYCHRL

Plaintiff requests an award of $10,000 in punitive damages under the NYCHRL. Under the NYCHRL, "a plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the

10

rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 329 (2017) (internal quotation marks and citation omitted). This standard is lower than that required to recover punitive damages under Title VII, and does not require a showing of "malice or awareness of the violation of a protected right." *Batten v. Glob. Contact Servs.*, LLC, 2018 WL 3093968, at *9 (E.D.N.Y. June 22, 2018). Here, plaintiff's allegations do not establish that H & 6 Associate has been willfully or wantonly negligent, reckless, or has consciously disregarded the rights of others or engaged in conduct so reckless as to amount to such disregard. Therefore, I respectfully recommend that the Court deny plaintiff's request for punitive damages under the NYCHRL.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant in part and deny in part plaintiff's motion for default judgment, as follows: (1) I recommend that H & 6 Associate be found liable under the ADA, the New York Civil Rights Law, the NYSHRL, and the NYCHRL; (2) I recommend that an injunction issue with the terms described in the text above; (3) I recommend that plaintiff be awarded $500 in statutory damages under the New York Civil Rights Law; (4) I recommend that plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and the NYCHRL; (5) I recommend that plaintiff's request for punitive damages under the NYCHRL be denied; and (6) I recommend that plaintiff's request for an award of attorney's fees and costs under the ADA be denied without prejudice, and that plaintiff's counsel be permitted to submit an appropriate supplemental sworn statement and billing records within fourteen days of the date of this Report and Recommendation.

Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than February 11, 2020. *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff is hereby directed to serve copies of this Report and Recommendation upon H & 6 Associate at its last known address, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
January 28, 2020

*U:\#JAV 2019-2020\Grinblat v. H & 6 Associate Inc., et al., 19-cv-2034 (LDH)\Final R&R.docx*