UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
SEMYON GRINBLAT,

                                Plaintiff,                              REPORT &
                                                                              RECOMMENDATION
     -against-                                                        19-CV-2034 (LDH) (SMG)

H & 6 ASSOCIATE INC., THE HUGH FAMILY
REVOCABLE TRUST, JOHN DOE 1-X, persons
yet unknown, LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, CORPORATIONS 1-X, entities
yet unknown,

                                Defendants.

-----------------------------------------------------------------
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

      Plaintiff Semyon Grinblat commenced this action against defendants H & 6 Associate, Inc. ("H & 6 Associate") and the Hugh Family Revocable Trust, alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; the New York Civil Rights Law, N.Y. Civ. Rights Law §§40-c and 40-d; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107.  Compl., Dkt 1.  On March 31, 2020, the Honorable LaShann DeArcy Hall entered an Order adopting my report and recommendations that the Court: (1) find defendant H & 6 Associate liable under the ADA, the New York Civil Rights Law, the NYSHRL, and the NYCHRL; (2) grant plaintiff's request for injunctive relief; (3) award plaintiff $500 in statutory damages under the New York Civil Rights Law; (4) award plaintiff $1,000 in compensatory damages under the NYSHRL and the NYCHRL; (5) deny plaintiff's request for punitive damages under the NYCHRL; and (6) deny

plaintiff's request for an award of attorney's fees and costs under the ADA without prejudice and permit plaintiff's counsel to submit an appropriate supplemental sworn statement and billing records. Order dated Mar. 31, 2020; *see* R&R, Dkt. 17.

Plaintiff's counsel, Michael Grinblat, Esq., has now submitted an affidavit and billing records seeking to recover $29,493.80 in attorney's fees and $894.02 in costs, for a total of $30,387.82. Aff. of Att'y's Fees, Costs, & Expenses & Decl. of Michael Grinblat ("Grinblat Decl.") at 1, Dkt. 19. Judge DeArcy Hall referred this application to me for report and recommendation. Order dated Feb. 19, 2020. For the reasons set forth below, I respectfully recommend that plaintiff be awarded $7,603.50 in attorney's fees and $683.07 in costs, or a total of $8,286.57.

## DISCUSSION[1]

In support of the pending fee application, Mr. Grinblat has submitted a declaration and contemporaneous time records indicating that 63.7 hours were expended in this action. *See* Invoice, Grinblat Decl., Ex. 1 at 1–25. Of those 63.7 hours, 52.7 hours were for legal services and 11 hours were for secretarial services. Grinblat Decl. at 1. Both types of services were rendered by Mr. Grinblat, a solo practitioner who has "practiced law for over 16 years." *Id.* at 2. Mr. Grinblat claims a rate of $544 per hour for his legal services and a rate of $75 per hour for his secretarial services. *Id.* at 1. H & 6 Associate has neither appeared in the action nor submitted any opposition.

### I.  Legal Standard

The ADA allows a prevailing party to recover reasonable attorney's fees and litigation costs. 42 U.S.C. § 12205. "Having obtained a default judgment against defendants, plaintiff is a

---

[1] The facts and procedural history of this litigation are set forth in my prior report and recommendation filed on January 28, 2020. Dkt. 17.

2

prevailing party eligible to recover attorney's fees and costs." *Shariff v. Alsaydi*, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013). "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015); *see generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Well-established Second Circuit doctrine requires that a fee application be supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148. "Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *see also Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010).

Courts awarding attorney's fees are instructed to calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).[2] Courts also take into account case-specific variables such as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

---

[2] The "presumptively reasonable fee" is historically known as the "lodestar." *Arbor Hill*, 522 F.3d at 183.

## II.     Reasonable Hourly Rates

A reasonable hourly rate reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. This rate should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community." *Santiago v. Coco Nail HB, Inc.*, 2012 WL 1117961, at *2 (E.D.N.Y. Mar. 16, 2012), *report and recommendation adopted*, 2012 WL 1118853 (E.D.N.Y. Apr. 3, 2012). The "community" is generally considered to be the district where the district court sits. *See Arbor Hill*, 522 F.3d at 190.

"In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases." *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (internal quotation marks and citation omitted) (awarding one partner an hourly rate of $425 because he had "been engaged in ADA litigation since 2001 and this District ha[d] recently awarded him an hourly rate of $425 in a case with [a] substantially similar fact pattern" and awarding another partner who had been practicing for twenty-six years an hourly rate of $325 after "[b]alancing the attorneys' levels of expertise, the non-complex nature of the case, the fact that there [we]re multiple attorneys billing on the matter, and the success achieved by the Settlement Agreement"); *see Feltzin v. Ciampa Whitepoint LLC*, 2017 WL 570761, at *2 (E.D.N.Y. Feb. 13, 2017) (awarding one partner an hourly rate of $425 based on his extensive

4

experience with ADA cases, a second partner an hourly rate of $400 based on his extensive litigation experience but lack of expertise with the ADA, and a third partner an hourly rate of $350 based on his more limited practice experience and his lack of expertise with the ADA); *Cankat v. 41st Ave. Rest. Corp.*, 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (awarding an hourly rate of $200 to an attorney based on four years of experience with ADA cases and evidence that she prepared her pleading using text from previously filed ADA complaints); *Alsaydi,* 2013 WL 4432218, at *5 (awarding an hourly rate of $325 to a solo practitioner with more than 10 years of experience primarily handling disability discrimination and civil rights cases). "The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012).

    Here, Mr. Grinblat requests an hourly rate of $544, which is well above the rates typically awarded in this district. His declaration states that he "was admitted to practice in 2003 and [has] practiced law for over 16 years," Grinblat Decl. at 2, but does not describe his educational background or experience handling ADA lawsuits in any detail. This Court's independent search of the Eastern District docket reveals that Mr. Grinblat commenced this action using a boilerplate complaint that is virtually identical to many of the 44 complaints alleging ADA violations that he has filed within the last three years on behalf of this particular plaintiff.[3]

    Furthermore, Mr. Grinblat calculated his hourly rate of $544 based on the prevailing rates for fee-shifting cases filed in the District of Columbia. *See* USAO Attorney's Fees Matrix,

---

[3] *See, e.g.*, *Grinblat v. Jamaica 99 Cents & Up Inc.*, 19-CV-1993 (MKB) (VMS) (filed Apr. 6, 2019); *Grinblat v. Paris Baguette Am., Inc.*, 18-CV-7387 (ILG) (SJB) (filed Dec. 27, 2018); *Grinblat v. Na & Sang Produce Inc.*, 18-CV-7337 (BMC) (filed Dec. 24, 2018).

5

Grinblat Decl., Ex. 2. However, he failed to cite to any authority explaining why this Court should abandon well-established Second Circuit precedent and consider a "matrix [that] has not been adopted . . . for use outside the District of Columbia" in calculating a fee award. *Id.* at ECF pg. 31 n.1. Moreover, the nature of Mr. Grinblat's work in this case was "relatively straightforward, particularly since [H & 6 Associate] defaulted and no novel or complex issues are raised in the complaint." *Santiago*, 2012 WL 1117961, at *4; *see also Thompson v. Rising Star Beauty Salon Inc.*, 2016 WL 9583995, at *5 (E.D.N.Y. Dec. 23, 2016). Finally, and perhaps most significantly, Mr. Grinblat failed to obtain a meaningful result; according to his billing records, which include such minor details as reviewing ECF bounces, he devoted no time at all to enforcing the injunctive relief that presumably was the primary motivation for bringing this lawsuit in the first place. For the foregoing reasons, I respectfully recommend that Mr. Grinblat be awarded an hourly rate of $300 for his legal services.

As for Mr. Grinblat's hourly rate of $75 for his secretarial services, this rate has been found reasonable for similar services in ADA cases filed in the Eastern District. *See Thompson*, 2016 WL 9583995, at *6 (awarding $75 per hour for paralegal work); *Santiago*, 2012 WL 1117961, at *5 (awarding $75 per hour for clerical work). Therefore, I respectfully recommend that Mr. Grinblat be awarded an hourly rate of $75 for his secretarial services.

### III. Reasonable Numbers of Hours

The next step in awarding attorney's fees is determining the reasonableness of the number of hours expended by counsel. In reviewing a fee motion, the court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The court should also examine each entry "with a view to the value of the work product of the specific expenditures to

6

the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). An award may be reduced by an appropriate across-the-board percentage "as a practical means of trimming fat from a fee application." *See Garcia v. City of New York*, 2013 WL 5574507, at *6 (E.D.N.Y. Oct. 9, 2013) (quoting *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010)).

Here, the contemporaneous billing records show that Mr. Grinblat billed 63.7 hours for both legal services and secretarial work. Invoice, Grinblat Decl., Ex. 1. Overall, the number of hours expended in the course of this litigation grossly exceeds the number of hours that have been found to be reasonable in other relatively straightforward ADA cases in this district. *See e.g.*, *Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013) (applying an across-the-board 15% reduction to 20.20 hours); *Alsaydi*, 2013 WL 4432218, at *5 (holding that 23.7 hours billed was reasonable); *Santiago*, 2012 WL 1117961, at *4–*5 (holding that 37.8 hours billed was excessive and applying reductions as high as 75% to certain time entries).

Counsel's specific time entries also do not bear close scrutiny. As an initial matter, there are multiple entries totaling 7.1 hours of legal work[4] and 1.4 hours of secretarial work[5] that are

---

[4] The entries are as follows: 4/9/2019 (.2 hours), 4/11/2019 (.1 hours), 4 entries on 4/18/2019 (totaling .6 hours), 3 entries on 4/25/2019 (totaling .4 hours), 3 entries on 4/26/2019 (totaling .3 hours), 4/27/2019 (.1 hours), 4/28/2019 (.1 hours), 2 entries on 4/29/2019 (totaling .2 hours), 2 entries on 4/30/2019 (totaling .2 hours), 4 entries on 5/1/2019 (totaling .6 hours), 4 entries on 5/2/2019 (totaling .9 hours), 5/8/2019 (.1 hours), 5 entries on 5/10/2019 (totaling .5 hours), 5/11/2019 (.2 hours), 4 entries on 6/18/2019 (totaling 1.1 hours), 6/25/2019 (.1 hours), 6 entries on 9/3/2019 (totaling 1 hour), 9/4/2019 (.1 hours), 3 entries on 12/23/2019 (totaling .3 hours).

[5] The entries are as follows: 4/18/2019 (.3 hours), 5/11/2019 (.3 hours), 6/18/2019 (.4 hours), 2 entries on 9/3/2019 (totaling .4 hours).

7

clearly attributable solely to defendant The Hugh Family Revocable Trust ("the Trust"), rather than the defaulting defendant, H & 6 Associate.[6]  For example, on page five of the invoice, Mr. Grinblat specified in each entry that he communicated with the process server regarding service on the Trust, *not* H & 6 Associate.  *See* Invoice, Grinblat Decl., Ex. 1 at 5.  Because Mr. Grinblat should have redacted these and other similar entries throughout the invoice, I recommend denying Mr. Grinblat's request for 7.1 hours of legal work and 1.4 hours of secretarial work that were clearly attributable solely to the Trust.  *See Santiago*, 2012 WL 1117961, at *4 (denying plaintiff's request for 8 hours of work clearly attributable solely to a non-defaulting defendant).

Next, I recommend that the time spent on the complaint and the motion for default judgment be substantially reduced.  The complaint and the motion for default judgment use the same boilerplate language as complaints and motion papers filed by Mr. Grinblat on behalf of the same plaintiff in other cases in this district.[7]  Yet, Mr. Grinblat billed 8.5 hours for time spent researching and drafting the complaint, 2.1 hours for researching and drafting the certificate of default, and 14 hours for researching and drafting the motion for default judgment.  Because "[t]here is no reasonable explanation for the amount of time billed" for these tasks, I recommend a 75% reduction for these entries totaling 24.6 hours, for a new total of 6.15 hours.  *Id.* at *5 (applying same percentage reduction).

---

[6] On June 25, 2019, the Clerk of the Court denied plaintiff's request for a certificate of default against the Trust upon the ground that the Trust was not properly served.  On September 3, 2019, plaintiff filed a notice of voluntary dismissal as to the Trust.  Notice of Voluntary Dismissal, Dkt. 14.

[7] *See, e.g., Grinblat v. Jamaica 99 Cents & Up Inc.*, 19-CV-1993 (MKB) (VMS), Dkt. 1, 12, 13 (complaint filed on Apr. 6, 2019 and motions for default judgment filed on July 5 & 6, 2019); *Grinblat v. Na & Sang Produce Inc*, 18-CV-7337 (BMC), Dkt. 1, 16 (complaint filed on Dec. 24, 2018 and motion for default judgment filed on Feb. 16, 2019).

Moreover, Mr. Grinblat billed a total of 1.1 hours at his attorney rate for filing various documents with the Court.[8] This non-legal work should have instead been billed at the clerical rate. *See Thompson*, 2016 WL 9583995, at *6 ("Courts have the discretion to adjust an attorney's requested hours when the entries reflect administrative or non-legal tasks, such as faxing and mailing documents, making copies, filing, scanning, preparing documents for electronic filing, [and] electronic file management" (internal quotation marks and citation omitted)). Thus, the Court recommends these 1.1 hours be added to the hours claimed for secretarial hours, billable at $75 per hour, and subtracted from the hours requested for legal services.

Finally, due to the sheer number of actions that plaintiff and his counsel have commenced within this district over the last three years and the duplicative nature of many of the entries (i.e. billing for filing a document and then separately billing for reviewing the "bounce" for that filed document), I also recommend an across-the-board 15% reduction against the balance of entries not subject to the downward adjustment previously specified above. *See Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *7 (applying the same across-the-board reduction).

The reasonable fee is calculated as follows:

| Provider Type | Presumptive Maximum Rate | Requested Rates | Approved Rates | Requested Hours | Approved Hours | Approved Fee |
|---|---|---|---|---|---|---|
| Secretarial | $70–$100 | $75 | $75 | 11 | 9.1[9] | $682.50 |
| Partner | $300–$450 | $544 | $300 | 52.7 | 23.07 | $6,921 |
| **TOTAL SUM** | | | | 63.7 | 32.17 | **$7,603.50** |

---

[8] The entries are as follows: 4/9/2019 (.4 hours), 5/13/2019 (.1 hours), 6/18/2019 (.1 hours), 7/6/2019 (.1 hours), 7/10/2019 (.1 hours), 8/13/2019 (.1 hours), 12/23/2019 (.1 hours), and 1/31/2020 (.1 hours).

[9] The approved secretarial hours take into account the reduction of 1.4 hours clearly attributable to the Trust and the addition of 1.1 hours for filing documents with the Court, which were originally billed at the attorney rate. The Court then applied a 15% reduction to the revised total.

9

### IV. Costs

A party awarded attorney's fees is also entitled to compensation for "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citations omitted). Plaintiff requests costs of $400 for court fees, $104.77 for postage, $245 for server fees, and $144.25 for printing/copying, for a total amount of $894.02. This total should be reduced by the costs that are clearly attributable solely to the Trust, including the payments totaling $185.00 to serve the summons and complaint on the Trust, the payments totaling $14.70 to mail courtesy copies of the summons and complaint and the application for the certificate of default to the Trust, and the $11.25 in printing costs for the certificate of default application. Thus, I respectfully recommend that plaintiff be awarded $683.07 in costs.

### CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's application be granted in part and denied in part and that plaintiff be awarded $7,603.50 in attorney's fees and $683.07 in costs, or a total of $8,286.57.

Objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than July 24, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff is hereby directed to serve a copy of this Report and Recommendation upon H & 6 Associate at its last known address, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
July 10, 2020

U:\#JAV 2019-2020\Grinblat v. H & 6 Associate Inc., et al., 19-cv-2034 (LDH)\Attorneys' Fees R&R\Final R&R.docx