UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEMYON GRINBLAT,

                             Plaintiff,

                 v.

H & 6 ASSOCIATE INC., THE HUGH FAMILY
REVOCABLE TRUST, JOHN DOE 1-X, persons
yet unknown, LIMITED LIABILITY
COMPANIES, PARTNERSHIPS,
CORPORATIONS 1-X, entities yet unknown,

                             Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

19-CV-2034 (LDH) (SMG)

---

LaSHANN DeARCY HALL, United States District Judge:

## BACKGROUND

On February 11, 2020, Plaintiff filed a request for attorney's fees. (ECF No. 19.) The Court referred the motion to Magistrate Judge Gold on February 19, 2020. On July 10, 2020, Magistrate Judge Gold filed a report and recommendation ("R&R"), recommending the Court grant Plaintiff's motion in part and deny it in part, and award $7,603.50 in attorney's fees and $683.07 in costs, or a total of $8,286.57. (R&R, ECF No. 21.) Plaintiff objects. (Pl.'s Obj. R&R ("Pl.'s Obj."), ECF No. 23.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the

1

record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Courts awarding attorney's fees are instructed to calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (detailing the process the court should use to determine the "presumptively reasonable fee"). Plaintiff does not object to the legal principles upon which Magistrate Judge Gold relied. Rather, Plaintiff argues that in determining a reasonable attorney's fee, Magistrate Judge Gold overlooked or mischaracterized aspects of his counsel's representation, which, if properly considered, support a higher fee award. (Pl.'s Obj. ¶¶ 4-5.) The Court disagrees.

*First,* Plaintiff notes that Magistrate Judge Gold based his recommendation on the fact that Plaintiff's counsel did not describe his educational background or experience handling ADA lawsuits in detail. (*Id.* ¶ 5.) In response to this omission in his original filing, Plaintiff describes his counsel's educational and professional background in detail. (*Id.* ¶¶ 6-7.) However, Magistrate Judge Gold did consider Plaintiff counsel's experience with ADA lawsuits, as Magistrate Judge Gold's independent search of the docket revealed the Plaintiff's counsel has filed 44 lawsuits alleging ADA violation on behalf of Plaintiff within the last three years. (R&R 5.) And, in any event, the newly proffered information about Plaintiff does not alter the Court's view that Magistrate Judge Gold's fee award was reasonable.

*Second,* Plaintiff objects to Magistrate Judge Gold's observation that Plaintiff's counsel used "a boilerplate complaint that is virtually identical to many of the 44 complaints alleging ADA violations" filed by him within the last three years on behalf of Plaintiff. (Pl.'s Obj. ¶ 5.)

Specifically, Plaintiff argues that the complaint contains sections unique to the complaint in this case, such as the parties, facts and violations sections. (*Id.* ¶ 8.) Those sections, taken together, are less than 10 pages. (*Id.*) The complaint is 35 pages. (Compl., ECF No. 1.) That means that over two thirds of the complaint uses boilerplate language. Magistrate Judge Gold was correct in considering this fact when determining a reasonable fee award and adjusting Plaintiff's requested fee award downward. *See, e.g, Cankat v. 41st Ave. Rest. Corp.*, 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (awarding an hourly rate of $200 to an attorney based on four years of experience with ADA cases and evidence that she prepared her pleading using text from previously filed ADA complaints).

*Third,* Plaintiff objects to Magistrate Judge Gold's characterization of the legal work in this case as "relatively straightforward," particularly since Defendant defaulted, and involving "no novel or complex issues." (Pl.'s Obj. ¶ 5.) Plaintiff objects and says his counsel's work involved measuring parking spaces and aisles "meticulously." (*Id.* ¶ 9.) The Court agrees with Magistrate Judge Gold that such work, even if undertaken "meticulously," is not novel or complex.

*Fourth,* Plaintiff objects to Magistrate Judge Gold's observation that Plaintiff's counsel had devoted "no time at all to enforcing the injunctive relief that presumably was the primary motivation for bringing this lawsuit in the first place." (Pl.'s Obj. ¶ 5.) Plaintiff does not contest that this is true, but rather provides an explanation—namely that Plaintiff's motion for injunctive relief was not granted until after he filed his motion for default judgment and then the COVID-19 pandemic prevented his counsel from enforcing the injunction. (*Id.* ¶¶ 11-12.) All that may be so, but it has no bearing on reality that Plaintiff's counsel, in fact, spent no time enforcing the injunctive relief requested.

In sum, on *de novo* review, the Court finds Magistrate Judge Gold's analysis sound.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Gold's R&R granting Plaintiff's motion for attorney's fees in part and denying it in part is ADOPTED in its entirety as the opinion of this Court. Plaintiff shall be awarded $7,603.50 in attorney's fees and $683.07 in costs, or a total of $8,286.57.

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      October 15, 2020